UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NICOLE LYN KOZAL,

      Plaintiff,

v.

CHIPPEWA COUNTY, MICHAEL D. BITNAR, in his official capacity, AMANDA VAUGHN, SHADOW LUZIER, LINDY WAITE and AARON KINSELLA, in their individual capacities,

      Defendants.

Case No. 21-cv-00031
Hon. Paul L. Maloney
Hon. Magistrate Maarten Vermaat

_____/

JENNIFER G. DAMICO (P51403)
BUCKFIRE LAW FIRM
Attorney for Plaintiff
29000 Inkster Road, Suite 150
Southfield, Michigan 48034
(248) 569-4646
Fax (248) 569-6737
jennifer@buckfirelaw.com

GREGORY R. GRANT (P68898)
CUMMINGS, MCLOREY, DAVIS & ACHO, P.C.
Attorney for Defs. County, Bitnar, Vaughn, Waite and Kinsella
310 W. Front Street, Ste. 221
Traverse City, MI 49684
(231) 922-1888
Fax (231) 922-9888
ggrant@cmda-law.com

_____/

00727568

# FIRST AMENDED RULE 16 JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for June 28, 2021 at 1:30 p.m., before the Hon. Maarten Vermaat, United States Magistrate Judge. Appearing for the parties as counsel will be:

Jennifer G. Damico, attorney for Plaintiff.

Gregory R. Grant, attorney for Defendants, Chippewa County, Michael D. Bitnar, Amanda Vaughn, Lindy Waite and Aaron Kinsella.

1)  Jurisdiction: The basis for the court's jurisdiction is: federal question based upon 42 U.S.C. §1983, violations of Plaintiff's Fourth and Fourteenth Amendment Rights.

2)  Jury or Non-Jury: This case is to be tried before a jury.

3)  Judicial Availability: The parties do not consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment. **[NOTE TO COUNSEL:** If the parties consent to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c) and so state in the joint Status Report, an Order of Reference will be so issued transferring the matter to the magistrate judge and allowing appeals to be taken to the United States Court of Appeals for the Sixth Circuit, in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 (c).].

4)  Geographic Transfer: The parties are advised of the possibility, pursuant to W.D. Mich. LCivR 3.3(h), of a transfer of the action to a Judge located in a different city, on the basis of the convenience of counsel, the parties, or witnesses. Reassignment of the action shall be at the discretion of the court and shall require consent of all parties and both the transferor and the transferee judge. The parties shall advise whether a transfer for geographic convenience is warranted in this case.

5)  Statement of the Case: This case involves:

Plaintiff's Claims:

This is an action brought by Plaintiff for money damages pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments, against Defendants, as a result of an unconstitutional strip search at the Chippewa County jail on June 13, 2020.

The factual and legal issues requiring judicial resolution are whether the individual defendants deprived Plaintiff of her constitutionally-protected right to be free from an unlawful search and seizure, and deprived her of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution, by subjecting Kozal to an unlawful arrest, search and seizure; thereby inflicting personal injuries upon her. Further, as to the municipal defendants, the factual and legal issues requiring judicial resolution are whether Defendants were deliberately indifferent to

00727568

unconstitutional policies, practices and customs, including a systemic failure to hire, train, supervise and discipline officers, that were a moving force behind the violations of Plaintiff's rights.

<u>Defendants' Defenses</u>: Defendants have not filed an answer to the complaint or affirmative defenses at this time. However, Plaintiff was pulled over due to suspicion of driving under the influence. At the scene, she was acting erratic and shows numerous signed of intoxication. Officers determined that there was reasonable suspicion that she was under the influence of drugs. Plaintiff was arrested and taken to the Chippewa County Jail where she was subjected to a strip search by a female officer. The search was legal and appropriate.

6) <u>Pendent State Law Claims</u>: This case does include pendent state law claims.

Plaintiff's Complaint contains the following state law claims pursuant Federal Rule of Civil Procedure 18 and 28 U.S.C. § 1367: gross negligence, willful and wanton misconduct and false imprisonment.

7) <u>Joinder of Parties and Amendment of Pleadings</u>: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **<u>July 15, 2021.</u>**

8) <u>Disclosures and Exchanges</u>:

(i) Fed. R. Civ. P. 26(a)(1) requires initial disclosures, including any lay witness identification, unless the court orders otherwise. Any party objecting to Rule 26(a)(1) disclosures must set forth below in detail the nature and reasons for the objection. If one or more party objects, no initial disclosures shall be required until the court resolves the objection at the Rule 16 conference. In the absence of an objection, initial disclosures will be required of all parties. (Set forth below a proposed schedule for initial disclosures.)

**The parties will exchange initial disclosures by <u>May 15, 2021.</u>**

(iv) It would be advisable in this case to exchange written expert witness reports as contemplated by FED R. CIV. P. 26(a)(2). Reports, if required should be exchanged according to the following schedule:

**Plaintiff's disclosure of experts:  <u>September 30, 2021.</u>**

**Defendants' disclosure of experts:  October 31, 2021.**

**Plaintiff's expert reports exchanged by November 30, 2021.**

**Defendants' expert reports exchanged by January 31, 2022.**

(v) The parties have agreed to make available the following documents without the need of a formal request for production:

From Plaintiff to Defendants by **May 15, 2021**: Authorizations for the release of all records from any employer, educational institution, medical provider or law enforcement agency identified in her initial disclosures.

From Defendants to Plaintiff: none

9) Discovery: The parties believe that all discovery proceedings can be completed by **March 15, 2022**. The parties recommend the following discovery plan:

The parties agree to the standard Court Rule limitations with respect to depositions, interrogatories, and requests for admissions. The parties do not foresee a need for limitation to the scope of discovery pending resolution of dispositive motions or alternative dispute resolution proceedings. The parties do not foresee a need to modify the presumptive time limits for depositions under FED R. CIV. P. 30(d)(1).

The subjects upon which Plaintiff will be conducting discovery include the facts surrounding Plaintiff's arrest, her incarceration, the strip search at the jail, defendants' training, jail policies and procedures, policy making, the investigation that ensued, recommendations for retraining, policy changes, and dismissal of charges against Plaintiff, among other subjects.

10) Disclosure or Discovery of Electronically Stored Information: The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

> The parties have discussed ESI are in the process of ascertaining if any additional ESI exists that has not been previously produced.

11) Assertion of Claims of Privilege or Work-Product Immunity After Production:

> The parties have agreed on a procedure to address claims of privilege or work product immunity for items inadvertently produced during discovery.

12) Motions: The parties acknowledge that W.D. Mich. LCiv R 7.1.(d) requires the moving party to ascertain whether the motion will be opposed. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by Rule 7.1(d).

> The following dispositive motions are contemplated by each party: Defendant intends to file a Rule 56 motion.

> None contemplated by Plaintiff.

00727568

13) <u>Alternative Dispute Resolution:</u>  The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:

> Both parties agree that Alternative Dispute Resolution may helpful in this matter once the parties begin discovery. The parties believe voluntary facilitative mediation under W.D. Mich. LCivR 16.3 is the most appropriate Alternative Dispute Resolution.

14) <u>Length of Trial</u>:  Counsel estimates the trial will last approximately 6 <u>days</u> total, allocated as follows: <u>3 ½</u> days for plaintiff's case, <u>2 ½</u> days for defendants' case, <u>0</u> days for other parties.

15) <u>Prospects of Settlement:</u>  The status of settlement negotiations is:

> Plaintiff made a large pre-suit demand.  The demand has been rejected.

16) <u>Electronic Document Filing System</u>:  Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must **file** documents electronically but **serve** *pro se* parties with paper documents in the traditional manner.

17) <u>Other</u>:  Set forth any special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case.

> None contemplated by Plaintiff or Defendants.

*/s/ Jennifer G. Damico*
_____
Jennifer G. Damico P-51403
Attorney for Plaintiff

 */s/ Gregory R. Grant*
_____
Gregory R. Grant (P68898)
Attorneys for Defendants, County, Bitnar, Vaughn, Waite and Kinsella

June 21, 2021